Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ROTH, individually and on behalf of all others similarly situated, | CASE NO.: 2:18-cv-3256 |
| Plaintiffs, | |
| v. | CLASS ACTION COMPLAINT FOR DAMAGES |
| NATIONAL BUSINESS FACTORS, INC. OF NEVADA and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, NATIONAL BUSINESS FACTORS, INC. OF NEVADA, alleges as follows:

## INTRODUCTION

1. This is an action for damages and statutory attorney's fees brought by an individual consumer and on behalf of a class for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors and creditors from engaging in abusive, deceptive and

unfair practices as well as California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.), which requires maximum accuracy with regard to consumer credit reporting.

## PARTIES

2. Plaintiff is a natural person residing in Los Angeles County, California. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a(3).

3. Upon information and belief, Defendant NATIONAL BUSINESS FACTORS, INC. OF NEVADA is a "debt collector" as defined pursuant to 15 U.S.C. §1692a(6) and a "furnisher of information" within the meaning of FCRA, 15 U.S.C. §1681 et seq., authorized to do business in California with its principal place of business in Carson City, Nevada.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA), 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the Defendant corporations regularly conduct business in this district.

## FACTUAL ALLEGATIONS

5. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

6. That a personal debt was allegedly incurred by Plaintiff to one "North Tahoe Fire Protection."

7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to National Business Factors, Inc. of Nevada, (hereinafter referred to as "Defendant") for collection.

*Count One*

8.  That upon information and belief, on or about December 15, 2017, Defendant mailed Plaintiff an initial dunning notice in an attempt to collect the aforementioned debt (hereinafter referred to as the "12/15/17 dunning notice.").

9.  That the 12/15/17 dunning notice contains the following language in all caps:

    **"YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT REPORT MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS."** (emphasis in the original)

10. That said notice unlawfully mischaracterizes Plaintiff's personal debt as a "credit obligation" and constitutes a false representation of the character, amount and/or legal status of Plaintiff's alleged debt.

11. That said notice uses false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to his consumer rights and the status of his account.

12. That said notice uses deceptive and misleading language actually designed to coerce payment under duress.

*Count Two*

13. That among said fees and costs, Defendants charged Plaintiff additional amounts which, upon information and belief, are impermissible and exceed the amount that Defendant may legally collect in interest and late charges.

14. That Defendant continued to charge Plaintiff various fees which are arbitrarily inflated, unconscionable and constitute unfair charges.

*Count Three*

15. That subsequent to receiving the 12/15/17 dunning notice, Plaintiff called Defendant to discuss the balance on the account.

3

16. That Plaintiff attempted to dispute the account, but in response, Defendant's agent advised Plaintiff that he couldn't dispute the account and that he had to pay the entire balance on the account.

17. That Defendant made false and misleading representations which further confused Plaintiff as to his rights to dispute the debt and the status of his account.

*Count Four*

18. That Defendant, in an attempt to collect the alleged debt, reported said debt to various credit agencies, including one of the major credit bureaus, TransUnion.

19. That according to Plaintiff's credit report(s), Defendant caused the account to appear inaccurately.

20. That Defendant persisted with collection efforts, caused inaccurate account information to be reported the credit reporting agencies and caused the derogatory information to remain on Plaintiff's credit report(s).

21. That Defendant falsely represented the character and amount of Plaintiff's alleged debt and communicated false credit information.

22. That as a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

23. That due to the conduct of Defendant, Plaintiff suffered actual damages, including, but not limited to: embarrassment, humiliation, stress, anxiety, aggravation and sleepless nights.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

24. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

Class Action Complaint for Damages

25. That in its attempts to collect a debt, Defendant used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to his consumer rights as well as to the character, amount and/or legal status of his alleged debt.

26. That upon information and belief, Defendant has attempted to collect on amounts that are not authorized by agreement or permitted by law.

27. That Defendant, in an attempt to collect a debt, engage in a pattern or practice of communicating with consumers where the representations made by the Defendant are confusing, misleading, deceptive and/or unfair.

28. That as a result of Defendant's conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

29. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f), and (g)  in that the representations made by the Defendant are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

   a. Defendant has violated 1692d by harassing the Plaintiff and engaging in oppressive and abusive conduct;

   b. Defendant has violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

   c. Defendant has violated 15 U.S.C. § 1692e by communicating credit information to a person which is known or which should be known, to be false;

   d. Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   e. Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

30. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an

amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

31. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

32. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33. That upon information and belief, Defendant has attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

34. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

   a. By the above-referenced violations of the FDCPA, Defendant has violated §1788.17.

35. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

36. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

37. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

Class Action Complaint for Damages

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

38. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. By its acts and practices as hereinabove described, the Defendant has violated the California Consumer Credit Reporting Agencies Act as follows, without limitation:

   a. By furnishing information on a specific transaction or experience to any consumer credit reporting agency that the Defendant knew or should have known to be incomplete and/or inaccurate, Defendant has violated Cal. Civil Code §1785.25(a);

   b. By failing to include a notice that the information is disputed by the consumer, Defendant has violated Cal. Civil Code §1785.25(c);

40. Pursuant to Cal. Civil Code §1785.31, Plaintiff is entitled to recover his damages sustained as a result of the Defendant's violations and attorney's fees.  Such damages include, without limitation, statutory and punitive damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

**CLASS ALLEGATIONS**

41. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

42. The first cause of action is brought on behalf of Plaintiff and the members of a class.

43. That class consists of all persons whom Defendant's records reflect resided in the state of California: (a) were sent collection letters (b) bearing the Defendant's letterhead in substantially the same form as the letter(s) sent to the Plaintiff, (c) the correspondence was sent to consumers seeking payment of a medical debt; (d) referred to as the consumers' "CREDIT OBLIGATIONS."

44. That one sub-class consists of all persons whom Defendants' records reflect resided in the state of California and were charged unlawful fees.

45. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the facts that the collection activity, including Defendant's representations, statements, letters, and/or fees are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

    (C)    The only individual issue is the identification of the consumers who received the letters, statements and/or reports, (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

    (D)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    (E)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection letters, statements and/or reports, such as those sent by the Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a.   Defendant has violated 1692d by harassing the Plaintiff and engaging in oppressive and abusive conduct;

    b.   Defendant has violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

    c.   Defendant has violated 15 U.S.C. § 1692e by communicating credit information to a person which is known or which should be known, to be false;

    d.   Defendant has violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

    e.   Defendant has violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt, by contradicting Plaintiff's rights, and by failing to clearly and effectively convey Plaintiff's consumer rights.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

    (a)   An order certifying the classes defined above, appointing Plaintiff as class representative and appointing her attorney as class counsel;

    (b)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action;

    (c)   Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action;

    (d)   Statutory, actual and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o in an amount to be determined at the time of trial;

(e)  Statutory, actual and punitive damages pursuant to California Civil Code §1785.31 in an amount to be determined at the time of trial;

(f)  Equitable and injunctive relief;

(g)  Restitution;

(h)  Costs and reasonable attorney's fees provided by statute, including 15 U.S.C. § 1692k, California Civil Code §1788.30, *et seq.*, and California Civil Code §1785.31, common law and/or the Court's inherent power; and

(i)  For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendant and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff and class members, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: April 18, 2018                          Respectfully Submitted,

                                               __/S/ Amir J. Goldstein_____
                                               Amir J. Goldstein
                                               Attorney for Plaintiff
                                               The Law Offices of Amir J. Goldstein
                                               8032 West Third Street, Suite 201
                                               Los Angeles, CA 90048
                                               Tel 323.937.0400
                                               Fax 866.288.9194

Class Action Complaint for Damages